IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| APPLICATION OF THE UNITED | § | |
| STATES OF AMERICA FOR AN | § | |
| ORDER: (1) AUTHORIZING THE | § | |
| INSTALLATION AND USE OF A PEN | § | |
| REGISTER AND TRAP AND TRACE | § | C.A. NO. MISC.-07-129 |
| DEVICE; (2) AUTHORIZING | § | |
| RELEASE OF SUBSCRIBER AND | § | |
| OTHER INFORMATION; AND | § | |
| (3) AUTHORIZING THE | § | |
| DISCLOSURE OF LOCATION-BASED | § | |
| SERVICES | § | |

## ORDER

This matter comes before the Court pursuant to a written and sworn application pursuant to 18 U.S.C. §§ 3122(a)(1), 3127(5), and 2703(c)(1) by an assistant United States Attorney who is an attorney for the Government as defined by Rule 1(b)(1)(B) of the Federal Rules of Criminal Procedure and an accompanying affidavit of a special agent with the Drug Enforcement Administration.

In order to obtain an order for a tracking device, the Government must establish probable cause. Fed. R. Crim. P. 41(d)(1). "Tracking device" is defined as "an electronic or mechanical device which permits the tracking of the movement of a person or object." 18 U.S.C. § 3117(b); see also Fed. R. Crim. P. 41(a)(2)(E).

This Court has determined that when the Government seeks real-time cell site data, it does not have to establish probable cause. In the Matter of an Application for an Order, 433 F. Supp.2d 804, 806 (S.D. Tex. 2006). In that order, the Court explained that in reaching its decision it found significant that "[t]he government is *not* seeking: (1) to activate remotely the

subject's telephone's GPS functionality; (2) to obtain information from multiple cellular antenna towers simultaneously to 'triangulate' the precise location of a cell phone...." Id. (italics in original).

In the pending application, the assistant United States Attorney "requests an Order authorizing the [DEA] to require the [cell phone] Provider to disclose location-based data that will <u>assist law enforcement in determining the location of the Target Device</u> (differentiated from the first or last cell-site used to make or receive a call, which simply identifies the location of the third-party Provider's infrastructure)." (emphasis added).  The Government seeks not only real time cell-site data, but "'Enhanced 911' services developed by the Provider in order to comply with the provisions of 47 C.F.R. § 20.18."  Accordingly, the Provider is currently required to provide accurate and reliable locations within "50 meters for 67 percent of calls [and] 150 meters for 95 percent of calls" "[f]or hand-set based technologies."  47 C.F.R. § 20.18(h)(2).  The information that the Government seeks clearly attempts to identify the exact location of the Target Device (and presumably the person holding the Target Device), and thus requires a finding of probable cause.

The special agent's affidavit contains the subscriber's name and address of the Target Device.  The affidavit further alleges that Target Device is being used by the subscriber ("Subject") in furtherance of an organized scheme involved in narcotics trafficking.  However, the affidavit fails to provide sufficient specific information to support the assertion that the Target Device is being used in the criminal enterprise.

Instead, the affidavit simply alleges that the Subject is engaging in narcotics trafficking and using the Target Device to do so.  It fails to focus on specifics necessary to establish

probable cause, such as relevant dates, names, and places.  For example, the affidavit makes statements that the DEA has "identified" or "determined" certain matters, or that its investigation has "revealed."  These identifications, determinations, or revelations are not facts, but simply conclusions by the agency.  Moreover, the affidavit contains a critical paragraph addressing assertions of the Subject's involvement in the narcotics trafficking that lacks supporting facts.  For example, it discusses negotiations for the purchase of narcotics by the Subject.  It fails to indicate with whom the negotiations were conducted.  Some of the information about negotiations is over three years old.  It is unclear when the second negotiation occurred.  It is unclear how the DEA learned of these negotiations.  Ultimately, the affidavit fails to provide any specific facts or details related to the Subject's alleged criminal activity along with use of the Target Device that would establish probable cause.

Finally, to the extent that the affidavit relies on cooperating sources of information and cooperating defendants without providing any specifics or details regarding the Subject's criminal actions, the Government has failed to establish probable cause.  In relying on these unnamed sources, it is incumbent upon the Government to provide sufficient details, including independent corroboration done by the agency, in order to establish that the information is reliable.

The Fifth Circuit has explained that a probable cause determination cannot be supported by "a wholly conclusory statement unsubstantiated by underlying facts."  United States v. Settegast, 755 F.2d 1117, 1121 (5th Cir. 1985).  In this case, the information seeking to link the Subject with the criminal activity is conclusory and unsubstantiated.  As such, the Government has failed to establish probable cause.

Accordingly, the Government's application is hereby denied without prejudice.

ORDERED this 8th day of November 2007.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE